Ludeling, C. J:
This is a suit for a promissory note for $7012. The defense is that the note was given without any consideration, and the defendant pleads in reconvention an account for $14,300 75.
On the trial evidence was introduced to show that the note was made by defendant to enable the plaintiff to raise money on it by discounting it in bank, in order that the plaintiff might buy horses, mules and cattle, to be sold by deiendant in Louisiana for the joint profit of both, and that as between them there was no consideration for the note. To this effect the defendant swears, and he is to some extent corroborated by his brother and one other witness, who testify as to what plaintiff told them about a due note put in bank by him. On the contrary, the plaintiff swears that the note was given for a *633 debt due by defendant after a settlement of their affairs up to that date. He is corroborated by the note itself. It reads as follows:
“Lexington, Ky., April 17,1871.
“$7012.
“One day after date I promise to pay to John Davis seventy hundred and twelve dollars, for value received of him.
“WM. C. MADDEN.”
It is evident that such a note, not negotiable in form and due one day after date, was not intended to be used in bank. Nor does it appear to have been so used — but that it has remained in the possession of plaintiff, who at different times indorsed credits on the note, which he swears were placed there in the presence of the defendant. There are other circumstances which make us adopt the conclusion of the district judge, that the want of consideration was not proved.
The objection that the special commissioner named in the commission did not execute it, because he annexed to his signature “ Commissioner for the State of Louisiana,” and did not affix the seal of his office, is frivolous. The person named as special commissioner executed the commission, and the addition of his title, if he be a commissioner for the State, could not vitiate his acts.
The plaintiff objected to the reception of any evidence on the reconventional demand. In the original answer the reconventional demand is based upon an itomized account, which it is alleged is made a part of the-answer, but which, in fact, was not attached to the answer, nor filed, until the trial, when it was objected to. In the meantime an amended answer had been filed to which was annexed an account. This was objected to as too vague and indefinite to enable the plaintiff to meet the issues presented. The account annexed to the amended answer is as follows:
“John Davis To W. C. Madden, Dr.
“1870.
“To amount remitted to Lexington City National Bank____$1,323 73
“ To Check on New York................................ $979 08 “1871.
“To cash............................................... 353 26
“ To check on New York, yr. favor........................ 1,620 00
“ To cash handed you.................................... 900 00
“$5,176 59”
The plaintiff urges that of the two dates given, 1870 and 1871, one was before and the other may have been before the date of the note j and that the month is not given to any of the items, nor the name of the drawer of the check, nor the name of the bank on which it was *634 drawn. These objections were sustained by the judge a quo,' and defendant excepted. We think the judge erred in refusing to receive evidence on the reconventional demand set up in the amended answer. ■The evidence shows that the plaintiff and defendant were doing business together in 1870 and 1871; the plaintiff bought stock in Kentucky, shipped them to Louisiana to defendant, who was to sell them, and after deducting their costs, the net profits were to be divided between them. Prom the nature of the business it is not to be expected that regular books were kept of their accounts, or that the remittances of the character mentioned in the amended answer were so numerous, as to make it necessary that a more particular description of them should have been made, in order to give plaintiff notice of the demand in reconvention. We think it quite certain that if the remittances were made as alleged, the plaintiff was as fully informed, by the account annexed, as if the day and month had been stated, and the names of the drawers of the checks had been given. Besides, if the plaintiff had needed those particulars to enable him to make his defense against said demand, he should have required the defendant to state with more accuracy his demand in reconvention. Pleadings, it is true, as alleged by plaintiff’s counsel, are intended to give notice of the demands to litigants. ■ We think the plaintiff was sufficiently notified of the demand against him for all practical purposes; and we believe that the ends of justice will be subserved by remanding this case to the court a qua to try the reconventional demand.
It is therefore ordered that the judgment of the lower court be annulled, and that the case be remauded to be tried according to the views herein expressed, appellee to pay costs of this appeal.